UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Andrew D. Barbary, | ) | |
| | ) | C/A No. 9:19-cv-02996-DCC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden, Edgefield Camp, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On December 19, 2019, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 16. Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In the Petition, Petitioner contends that the wiretap evidence against him at trial should have been suppressed pursuant to the recent holding in *Dahda v. United States*, 138 S.Ct. 1491 (2018). Accordingly, he requests that the wiretap evidence be suppressed, that his indictment be dismissed, and that he be released. The Magistrate Judge determined that Plaintiff failed to meet the savings clause under the test articulated in either *In re Jones*, 226 F.3d 328 (4th Cir. 2000), or *United States v. Wheeler*, 886 F.3d 415 ( 4th Cir. 2018). Petitioner objects and argues that he did not have an opportunity to present this argument prior to this action. He further argues the merits of his case in light of the *Dahda* decision. Finally, he asserts that he meets the savings clause under *Wheeler*.

The Magistrate Judge provides a thorough recitation of the relevant procedural history and Petitioner's prior actions brought pursuant to 28 U.S.C. § 2255 in the Southern District of Florida, where he was sentenced, which the Court incorporates by reference.

To challenge a federal sentence or conviction through § 2241, a petitioner must show under the savings clause of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge a conviction only when (1)

settled law established the legality of the conviction at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. *In re Jones*, 226 F.3d at 333–34. A petitioner must satisfy these requirements to confer jurisdiction on the § 2241 court to evaluate the merits of a petitioner's claims. *Wheeler*, 886 F.3d at 423–26.

The Magistrate Judge determined that Petitioner fails to meet the second prong of the three-part test set out in *In re Jones*, 226 at 333-34. The Court agrees. While Petitioner may argue that the wiretap evidence used to convict him would have been suppressed if he had been able to present his suppression arguments under *Dahda*, he has not argued that the conduct for which he was convicted has been deemed non-criminal by any substantive law change.

In *Wheeler*, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first§ 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of§ 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citing *In re Jones*, 226 F.3d at 333–34).

The Magistrate Judge determined that Petitioner fails to meet the second prong of the *Wheeler* test. Petitioner objects and argues that *Dahda* is retroactive.[1] Petitioner has not pointed to, and the Court has been unable to find, any authority showing that the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong. *Wheeler*, 886 F .3d at 429. The Eleventh Circuit, in denying Petitioner's third § 2255 motion, noted that the holding in *Dahda* "was not declared retroactively applicable to cases on collateral review." *Barbary v. United States*, 769 F. App'x at 890.

Accordingly, the Court adopts the recommendation of the Magistrate Judge. The Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

January 27, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Petitioner also argues that he meets the remainder of the *Wheeler* prongs; it is unnecessary to discuss these objections because he cannot meet the second prong.